[Sac. No. 4081. Department One.—December 15, 1928.]

H. C. VINCENT, Respondent, v. MRS. BELLE BERRY et al., Defendants; A. E. STEGEMAN, Appellant.

Siemon & Garber for Appellant.

Guy Knupp, Power & McFadzean and C. L. Clafin for Respondent.

PRESTON, J.—Plaintiff brought this action to establish his prescriptive rights to the use for nonriparian purposes of a certain quantity of the waters of Poso Creek, Tulare County, and he named as defendants some twenty or more persons who either owned riparian lands or claimed as appropriators, both above and below his property. A number of the defendants defaulted. The rights of all parties who appeared were finally fixed and determined by a written stipulation filed in the action. Judgment was entered either pursuant to such defaults or to the terms of the stipulation and, as far as the appealing defendants are concerned, respondent concedes that said judgment must find its support solely in said stipulation of the parties. Three of the four appealing defendants have failed to urge their claims as they concede that as to them the judgment has sufficient support in said stipulation. Hence there is here before us only the contention of appellant Stegeman that as to him certain provisions of the judgment are broader and more extensive than the terms of the stipulation and consequently the judgment should be modified to conform to the provisions of the stipulation. The parties do not differ as to the intent and purport of the stipulation as to appellant, but they differ only on the question as to whether the judgment faithfully follows the agreement of the parties.

First, appellant complains that whereas the stipulation provides: ''None of said defendants . . . shall . . . take from said Posey Creek, or from any branch thereof, or from any creek, spring, or natural watercourse *emptying in* said Posey Creek, any amount of water in excess of the quantities hereinbefore specified . . . ,'' the judg-

ment prohibits and restrains him from so taking water from any creek, spring, or natural water course *emptying into or feeding* said Poso Creek. In other words, in the judgment appear the words "or feeding" which are not contained in the stipulation. Appellant fears that this clause in the judgment might be so construed as to deprive him of the right to use any subsurface or percolating waters which find their way into Poso Creek or its tributaries. Respondent concedes that no such restraint was intended by the prohibition placed upon diversion from said creek and submits that the judgment would not support such a construction of the clause. That is, respondent claims that the words "emptying into" and "feeding" are synonymous as used in the judgment and the addition of the word "feeding" adds nothing to its injunctive force, nor does it in any way extend its terms or make it more inclusive or burdensome than the stipulation. But we think appellant's fears under this situation may be well founded, for other defendants specially surrendered their rights to claim subterranean and percolating waters in said watershed of Poso Creek and, in defining such surrender, these underground waters were referred to as waters "feeding" said stream.

Secondly, appellant complains that whereas the stipulation permits use of the water on the land of appellant or "elsewhere," the judgment contains two clauses restraining him from using the water for any purpose or upon any real property other than that therein specified, thus prohibiting him from changing the place of use of said water. Respondent here likewise concedes that there was no intention of the parties that appellant should be limited in the place of use of said diverted water and denies that the judgment could be so construed, as the provisions complained of contain the qualifying clauses "other than herein provided" and "other than the use herein specified," and it is therein specified that appellant may use the water upon the said real property, or elsewhere, even though other of the defendants are limited in their use to certain described parcels of land. We can see little reason for confusion on this score as the judgment follows the stipulation. But no reason exists for not making the meaning doubly certain.

The two following provisions are therefore subjoined to the last paragraph of said judgment and are hereby made a part thereof and a limitation thereon, to wit:

"Provided, that as to the defendant, A. E. Stegeman, his heirs, successors and assigns, nothing herein shall be construed to restrict or curtail any right or claim he may or might otherwise have as the proprietor of the land herein described in or to the underground or percolating waters which drain into said Poso Creek or into any of its branches or tributaries; provided, also, that nothing herein shall be construed to restrict any right the said defendant may or might have to change the place or method of diversion or the place or manner of use of said waters decreed him in as full and ample a manner as any prescriptive owner thereof might lawfully do."

The appeals of defendants A. E. Guhl, J. F. Burton, and Anna M. Burton are hereby dismissed.

The judgment as modified is affirmed, appellants to recover costs.

Curtis, J., and Seawell, J., concurred.